*E-Filed 4/4/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANTHONY FORREST,

    Petitioner,

  v.

VINCENT CULLEN, Warden,

    Respondent.
_____/

No. C 10-2954 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons stated herein, the petition is DENIED.

## BACKGROUND

In 2007, in the Alameda County Superior Court, petitioner, pursuant to a plea agreement, (1) pleaded *nolo contendere* to a charge of assault with force likely to produce great bodily injury, *see* Cal. Pen. Code § 245(a)(1), and (2) admitted to six prior convictions. Consequent to this plea agreement, petitioner was sentenced to a total term of ten years, and the prosecutor dismissed a charge of robbery and two prior strike allegations. In calculating

petitioner's sentence, the trial court imposed the upper term of four years for the assault conviction, and a year each for the six prior convictions.

Petitioner alleges a single claim for federal habeas relief: defense counsel rendered ineffective assistance of counsel when he failed to point out that the imposition of the upper term sentence was unconstitutional. Petitioner filed the instant federal habeas petition after being denied relief on state collateral review. The state superior court denied the state habeas petition on grounds that the plea agreement reach by counsel was "very favorable" to petitioner in that he received a sentence shorter than one he would have received had he been convicted after a jury trial. (Ans., Ex. 3 at 1.)

## STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## DISCUSSION

Petitioner claims that defense counsel rendered ineffective assistance by failing to object to the upper term sentence of four years for his assault conviction.[1] (Pet. at 7–8.) More specifically, petitioner claims that defense counsel should have objected to the trial court's selection of the upper term on grounds that the sentence violated his Sixth Amendment rights under *Cunningham v. California*, 549 U.S. 270, 293 (2007), and under state law Cal. Pen. Code § 1170(b), because the trial court made double-use of his prior six convictions.[2] That is, the trial court, contrary to *Cunningham*, doubly used his six prior convictions as the basis for terms independent of the assault conviction *and* as the basis for imposing the upper term. Because it is both reasonable and not prejudicial for an attorney to forego a meritless objection, *see Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005), if the trial court's decision was not constitutionally erroneous, petitioner's ineffective assistance claim necessarily fails.

Petitioner's claim cannot succeed because it lacks any factual or legal support. As to the first, there is no indication in the factual record that the trial court used petitioner's prior convictions as the basis for imposing the upper term for the assault conviction. (Ans., Ex. 2.) As to the second, that there is no legal support for petitioner's claim, a lengthier discussion is necessary.

---

[1] A conviction for assault with force likely to produce great bodily injury carries a punishment of two, three, or four years. *See* Cal. Pen. Code § 245(a)(1).

[2] Petitioner also claims that his sentence violates Cal. Pen. Code § 1170(b) which forbids the dual use of a sentencing factor.

After a person has entered a plea of guilty, the only challenges left open under federal habeas corpus concern the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.[3] *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Where, as here, the petitioner is challenging his guilty plea, the appropriate question is whether "(1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting *Hill*, 474 U.S. at 56–57).

As regards the first prong of *Womack*, a petitioner must establish that defense counsel's performance fell below an "objective standard of reasonableness" under prevailing professional norms, *Strickland v. Washington*, 466 U.S. 668, 687–68 (1984), "not whether it deviated from best practices or most common custom," *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citing *Strickland*, 466 U.S. at 650).  "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Richter*, 131 S. Ct. at 787 (quoting *Strickland*, 466 U.S. at 689).  Overall, "the standard for judging counsel's representation is a most deferential one." *Richter*, 131 S. Ct. at 788.  Under this standard, the instant petitioner must show that defense counsel's performance was objectively unreasonable, that he should have objected to the double-use of the fact of his prior convictions under *Cunningham*, and that but for that failure to object, the outcome of the proceeding would have been different.

---

[3] There are some exceptions to this general bar.  For example, a defendant who pleads guilty still may raise in habeas corpus proceedings the very power of the state to bring him into court to answer the charge brought against him, *see Haring v. Prosise*, 462 U.S. 306, 320 (1983) (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974) (defendant who pled guilty allowed to challenge indictment on grounds of prosecutorial vindictiveness)), and raise a double jeopardy claim, *see id.* (citing *Menna v. New York*, 423 U.S. 61 (1975)).

*Cunningham* is the progeny of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Under *Apprendi*, the Sixth Amendment requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The "statutory maximum" discussed in *Apprendi* is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; in other words, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather the maximum that could be imposed without any additional findings. *Blakely v. Washington*, 542 U. S. 296, 303–04 (2004). Under the law as it existed in California at the time of *Cunningham*, the middle term was deemed the statutory maximum, and thus the imposition of the upper term under the law at the time could implicate a criminal defendant's *Apprendi* rights. *See Cunningham*, 549 U.S. at 293.

Petitioner quotes *Cunningham* to support his assertion that a trial court may not constitutionally make dual use of a sentencing factor: "An element of the charged offense, essential to a jury's determination of guilt, or admitted in a defendant's guilty plea, does not qualify as such a[n] [aggravating sentencing] circumstance." *Id.* at 288. Petitioner also bases his claim on Cal. Pen. Code § 1170, which forbids the double-use of sentencing factors.

If petitioner's claim is to succeed, he must show that the sentence imposed violated due process. A federal court may vacate a state sentence imposed in violation of due process; for example, if a state trial judge (1) imposed a sentence in excess of state law, *see Walker v. Endell*, 850 F.2d 470, 476 (9th Cir. 1987); *see also Marzano v. Kincheloe*, 915 F.2d 549, 552 (9th Cir. 1990) (plea of guilty does not permit state to impose sentence in excess of state law despite agreement of defendant to sentence), or (2) enhanced a sentence based on materially false or unreliable information or based on a conviction infected by constitutional error, *see United States v. Hanna*, 49 F.3d 572, 577 (9th Cir. 1995); *Walker*, 850 F.2d at 477. First, petitioner has made no allegation that the sentence was based on materially false or unreliable information or on constitutionally infirm convictions. Second,

even if *Cunningham* provided protections against the dual use of sentencing factors, thereby rendering petitioner's sentence in excess of state law, amendments to California law make the application of that portion of *Cunningham* to petitioner's sentence inappropriate.  In 2007, in response to *Cunningham*, "the California legislature amended its statutes [here, specifically, Cal. Pen. Code § 1170(b)] such that imposition of the lower, middle, or upper term is now discretionary and does not depend on the finding of any aggravating factors," a law that was effective as of March 30, 2007.  *Butler v. Curry*, 528 F.3d 624, 652 n.20 (9th Cir. 2008) (citing Cal. Pen. Code § 1170(b) (2007)).  Petitioner was sentenced pursuant to this amended statute.  Petitioner entered his *nolo contendere* plea on September 19, 2007 (Ans., Ex. 1 at 1), and was sentenced on October 18, 2007 (*id.*, Ex. 2 at 1), that is, well after March 30, 2007.  The amended law does not fall afoul of the Sixth Amendment, according to relevant case authority.  "[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."  *See United States v. Booker*, 543 U.S. 220, 233 (2005).  Under the amended law, the trial court sentenced petitioner to the upper term based on its discretion, and without reference to, or apparent reliance on, the sentencing factors, here petitioner's admitted prior convictions.

        On such a record, petitioner has not shown that defense counsel's performance fell below an objective standard of reasonableness, or that he suffered prejudice.  The record shows that there was no *Cunningham* violation.  Petitioner was sentenced pursuant to the post-*Cunningham* version of the law, which does not depend on a finding of any aggravating factors, therefore his Sixth Amendment rights to have such aggravating factors considered by a jury was not violated, nor were the prior convictions doubly-used.  It was both reasonable and not prejudicial for defense counsel to forgo an objection to the sentence, and therefore petitioner's claim cannot succeed.  *See Juan H.*, 408 F.3d at 1273.  Petitioner also has not otherwise shown that but for the alleged deficiency, the outcome of the proceeding would have been different.  At a minimum, petitioner's claim must be denied because he has failed

to show that there was "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, 28 U.S.C. § 2254(d). Accordingly, petitioner's claim is DENIED.

## CONCLUSION

The state court's adjudication of petitioner's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

**IT IS SO ORDERED**.

DATED: April 4, 2011

RICHARD SEEBORG
United States District Judge